PETITION UNDER 25 U.S.C. § 1303 FOR WRIT OF HABEAS CORPUS BY A PERSON IN TRIBAL CUSTODY
In the United States District Court for the District of Montana
GREAT FALLS Division

RAVEN LANE,

    Petitioner,

vs.

RICHARD CANTRELL, CORRECTIONAL ADMINISTRATOR
FORT PECK TRIBES ADULT CORRECTIONS
POPLAR, MONTANA
And
FORT PECK TRIBES
FORT PECK RESERVATION, MONTANA

    Respondents.

Petitioner Raven Lane, petitions this court for a Writ of Habeas Corpus pursuant to 25 U.S.C. Section 1303. The writ is based on the following events:

1. On or about July 19, 2023, Petitioner was taken into custody by Fort Peck Tribal law enforcement and arraigned before Tribal Judge Lonnie Headdress. Petitioner was charged with Unlawful Possession of Dangerous Drugs, Unlawful Sale, Use, Abuse Possession of Prescription Medication, Unlawful Possession of Dangerous Drugs with Intent to Sell, all violations of the Fort Peck Comprehensive Code of Justice. The complaint alleges Petitioner is an adult Indian person. At arraignment, Petitioner pled not guilty to all charges and maintained her not guilty plea at pretrial and to date.

2. Petitioner was charged as an adult Indian person without any determination made to her classification as an adult Indian person within the jurisdiction of the Fort Peck Tribal Court.

3. Petitioner is of Indian descent but not enrolled with either the tribe of her birth mother, the Choctaw Tribes of Oklahoma nor the birth father, the Upper Skagit Tribe of Washington due to a lack of blood quantum to enroll in either. Petitioner has not received any benefits on the Fort Peck Indian Reservation, does not qualify for Indian Health Services (IHS), and cannot vote in tribal elections. Petitioner was on the Fort Peck Reservation for a limited time, a matter of weeks, and was brought to the Fort Peck Reservation by her boyfriend, a tribal member. Petitioner is a resident of Spokane, Washington and there is no evidence petitioner participated in any Indian social life on the Fort Peck Reservation or anywhere for that matter.

4. Petitioner filed a motion to dismiss before Tribal Judge Lonnie Headdress on September 6, 2023 based on a lack of jurisdiction as petitioner is not an Indian person subject to the jurisdiction of the Fort Peck Tribal Court. The Fort Peck Tribes conceded in their response they were unable to prove petitioner was enrolled in an Indian Tribe but alleged she used her social recognition as an Indian to enable her to sell illegal narcotics to tribal members.

5. Judge Headdress issued an order of September 27, 2023 denying the Motion to Dismiss as both of petitioner's parents were enrolled in federally recognized tribes, that petitioner has Indian blood and on this basis was sufficient to connect her as descendant of a federally recognized Tribe subject to the jurisdiction of the Fort Peck Tribal Court.

6. Petitioner filed a Writ of Habeas Corpus with the Fort Peck Court of Appeals on October 5, 2023, appealing the September 27, 2023 order of Judge Headdress, again alleging she was not an Indian within the jurisdiction of the Fort Peck Tribal Court.

7. Petitioner filed a Petition for a Writ of Habeas Corpus with the Fort Peck Court of Appeals on October 5, 2023. The Fort Peck Court of Appeals issued an order on November 1, 2023, staying a final decision on the Writ pending a finding the petitioner is an Indian by the trier of fact, whether judge or jury, as ethnicity is an element of the offense, The Court of Appeals held the motion to dismiss filed by petitioner on September 6, 2023 was based on a probable cause determination only and not a final determination proving beyond a reasonable doubt petitioner was an Indian person and therefore not subject to review until tried by the Court.

8. On November 10, 2023, petitioner was scheduled for a bench trial before Judge Lonnie Headdress on January 11, 2024. Petitioner filed a motion for reconsideration with the Fort Peck Court of Appeals on November 14, 2023 on the grounds the same judge who made the probable cause determination was the same trier of fact, no new evidence will be submitted and there is no reason a different outcome is expected. Petitioner argued there was no need to exhaust a trial court remedy as it would futile or meaningless. The Fort Peck Tribes did not respond to the motion and the Fort Peck Court of Appeals issued an order on November 27, 2023 denying the motion for reconsideration.

9. Petitioner believes her tribal court remedies have been exhausted and any further proceedings would be ineffective, meaningless or futile based on the official inaction by the Fort Peck Court of Appeals.

10. Petitioner requests the Court appoint counsel to represent her in this matter as she is indigent.

11. Petitioner respectfully requests this Court issue a Writ of Habeas Corpus commanding her immediate release from the Fort Peck Adult Correctional Center, stay all further proceedings and find she is not an Indian person within the criminal jurisdiction of the Fort Peck Tribes.

Petitioner's Declaration

A. I am the Petitioner in this case. I understand the submission of a false statement or false answer to any question may subject me to penalties for perjury. I declare under penalty of perjury that I have read this Petition, and the information I have set forth is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

B. I will keep the Court informed of my current mailing address. I understand that failure to do so may result in dismissal of my case without actual notice to me.

C. Incarcerated Prisoners Only: This Petition was deposited in the prison system for legal mail on:

the 14 day of december, 20 23.

_Ravan Lan_
Petitioner's Signature

12/14/23
Date Signed